Mary E. Quigley *v.* Clarence E. Wiley.

January Term, 1936.

Present: Slack, Moulton, Thompson, and Sherburne, JJ., and Buttles, Supr. J.

Opinion filed February 16, 1936.

174

*William L. Scoville* for the defendant petitioner.

*Marvelle C. Webber* and *Christopher A. Webber* for the plaintiff petitionee.

SLACK, J.   This is a petition for a new trial, which petitioner says is brought under P. L. 2106.   The action is replevin for a carload of lumber which defendant, petitioner herein, as deputy sheriff, had attached as the property of Perley R. Eaton.   The trial below was at the June Term, 1934, of Bennington County Court and resulted in a verdict and judgment for the plaintiff, petitionee herein.   The case came to this court on petitioner's exceptions, and the judgment was affirmed at the May Term, 1935.   Other material facts appear in the opinion then handed down.   See *Quigley* v. *Wiley*, 107 Vt. 253, 179 Atl. 206.   Petitionee has filed a motion to dismiss the petition on the grounds that it does not comply in any particular with the requirements of Section 1, Rule 4 of this court; does not show due diligence in attempting to find the evidence now relied upon, and was not seasonably brought.   Petitioner says in his brief herein that the real grounds for granting the petition are to be found in Paragraphs 7 and 14 thereof.

■ ■ Paragraph 7 avers that, between the time when the officer who served the writ herein delivered possession of the property to the petitionee and the time of the trial, she delivered the property to Eaton, who caused it to be manufactured and sold, so that the petitionee was unable to deliver it to the petitioner in the event that such was the final judgment.   Petitioner

takes the position in his brief that the evidence of this is not newly discovered and, therefore, it was not necessary for him to comply with the provisions of the rule above referred to. This admission forecloses him from any relief under this paragraph of the petition. If he knew' of the evidence, and deemed it material, he should have produced it at the trial. But manifestly it is not material to any issue here involved, and will not be material in any action unless it is finally adjudged that the property be returned to him. On petitioner's own showing, this ground of the petition is without merit.

■ Paragraph 14 of the petition alleges "that the judgment of this Court in said cause of action was based upon a mistake of fact, in that the Court assumed, for the purpose of the judgment, that the action was brought subsequently to May 4, 1935 [1931] for which reason there was an error of law in the said judgment." We are in doubt as to which action petitioner refers, but we made no such assumption in either. It is stated in *Quigley* v. *Wiley, supra,* page 258, that the attachment by defendant was made March 25, 1931, and on the same page it is said that plaintiff took possession of the property in controversy by virtue of the writ in this case May 6, 1931. That her suit was commenced on that day petitioner admits. He says on page 4 of his brief in the main case that "the date of plaintiff's writ was May 6, 1931," and on page 6 of the same brief he says that "her suit was commenced on May 6th." In view of the foregoing, the allegation that we *assumed*, for the purpose of the judgment, that the action was brought *subsequently* to May 4, 1931, and therefore erred in such judgment, appears to be unwarranted. For reasons pointed out in the opinion, petitioner never acquired any lien on, or rights in, the property in question under his attachment. On May 6, 1931, petitionee, for reasons stated in the opinion, had both title and right of possession thereto, and took the prescribed method of asserting her right.

Since the first matter relied upon by petitioner is immaterial, and the second is refuted by the record and his earlier admissions, further proceedings under, or consideration of, the petition are unnecessary and can serve no purpose other than to delay final disposition of the case.

*Petition dismissed.*